IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-07-236-C |
| ) | |
| MARY BETH CARNEY, R.N. and ) | |
| NURSE WILLS, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION ON**
**REQUEST FOR A TEMPORARY RESTRAINING ORDER**

The Plaintiff has requested a temporary restraining order requiring prison officials to "take photos of the plaintiff's wounds" and "stop witholding [sic] [medical supplies]."[1] The Court should deny the request.

A temporary restraining order is an extraordinary remedy.[2] As a result, it may only be granted without notice to the adverse parties when the procedural safeguards of Fed. R. Civ. P. 65(b) are "scrupulously honored."[3] Those safeguards require the movant to:

- show that "immediate and irreparable injury, loss, or damage will result . . . before the adverse party . . . can be heard in opposition," and

---

[1]    Order to Cause for a Injunction a Temporary Restraining Order (Apr. 4, 2007).

[2]    *See Lueker v. First National Bank of Boston (Guernsey) Limited*, 82 F.3d 334, 337 (10th Cir. 1996).

[3]    11A C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure § 2952 at 271-72 (2d ed. 1995) (citation omitted); *see also Commercial Security Bank v. Walker Bank & Trust Co.*, 456 F.2d 1352, 1356 (10th Cir. 1972) ("We can only reiterate that Rule 65 must be strictly complied with.").

- certify "in writing the efforts, if any, which have been made to give the notice [to the adverse party] and the reasons supporting the claim that notice should not be required."[4]

Mr. Robinson claims a serious medical condition, but has not suggested any efforts to notify the Defendants of the application or provided any reasons for his inability to provide such notice. As a result, the Court should deny the motion for a temporary restraining order.[5]

Mr. Robinson can object to this report and recommendation. To do so, he must file an objection with the Clerk of this Court by May 10, 2007.[6] The failure to timely object would foreclose appellate review of the suggested ruling.[7]

The referral to the undersigned is not terminated.

Entered this 20th day of April, 2007.

_____
Robert E. Bacharach
United States Magistrate Judge

---

[4] Fed. R. Civ. P. 65(b) (2001).

[5] *See Commercial Security Bank v. Walker Bank & Trust Co.*, 456 F.2d 1352, 1356 (10th Cir. 1972) (reversing the district court's issuance of a temporary restraining order in part because the court had failed to comply with Fed. R. Civ. P. 65(b)); *see also Reno Air Racing Association, Inc. v. McCord*, 452 F.3d 1126, 1131-32 (9th Cir. 2006) (district court erred in granting *ex parte* temporary restraining order when the applicant failed to justify lack of notice); *First Technology Safety Systems, Inc. v. Depinet*, 11 F.3d 641, 650-52 (6th Cir. 1993) (when the movant failed to justify lack of notice, issuance of a temporary restraining order was abuse of discretion).

[6] *See* W.D. Okla. LCvR 72.1(a).

[7] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").