## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-236-C |
| | ) |
| MARY BETH CARNEY, R.N. and | ) |
| NURSE WILLS, | ) |
| | ) |
| Defendants. | ) |

## **Report and Recommendation**

The present action involves allegations about deficiencies in the medical treatment of

Mr. Charles Robinson during his incarceration. In the complaint, Mr. Robinson seeks money

damages. But in a motion, he seeks an injunction and/or temporary restraining order

requiring officials to:

- photograph the wounds and

- timely provide medical supplies to treat a skin disease.

The request for a temporary restraining order is moot and Mr. Robinson has not justified a

preliminary injunction.

## I.    Temporary Restraining Order

Federal Rule of Civil Procedure 65(b) provides that a temporary restraining order may

be granted without notice to the opposing party when "it clearly appears . . . that immediate

and irreparable injury, loss, or damage will result to the applicant."[1]

---

[1]    Fed. R. Civ. P. 65(b).

The Defendants obtained notice of the request through service,[2] and the Court ordered a response.[3] Once the Defendants obtained notice and an opportunity to respond, the request for a temporary restraining order became moot. The appropriate inquiry at this stage is whether the Plaintiff has justified a preliminary injunction rather than a temporary restraining order.[4]

II.    Preliminary Injunction

Mr. Robinson seeks a preliminary injunction to require photographs of his wounds and timely delivery of medical supplies. Both forms of injunctive relief are unwarranted.

A.    Photographs of the Wounds

The Plaintiff seeks photographs of the wounds, presumably to ensure the ability to prove his underlying claims at trial. The purpose is understandable. But when prison conditions are involved, federal law provides that a preliminary injunction must "extend no

---

[2]    *See* Order (May 15, 2007) (accepting Mr. Robinson's statement that he had served the Defendants with a copy of his request for injunctive relief).

[3]    Order (May 25, 2007).

[4]    *See TLX Acquisition Corp. v. Telex Corp.*, 679 F. Supp. 1022, 1028 (W.D. Okla. 1987) ("Because Defendants received notice and Plaintiffs' application for a temporary restraining order is before the Court following an evidentiary hearing . . ., in which hearing all parties participated, the Court will treat Plaintiffs' application for a temporary restraining order as a motion for a preliminary injunction, that is, subject to those standards that must be met for issuance of a preliminary injunction."); *see also Sampson v. Murray*, 415 U.S. 61, 86 (1974) (agreeing with the circuit court, which "held that a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions" (citation omitted)).

further than necessary to correct the harm" and "be the least intrusive means necessary to correct that harm."[5]

The desired photographs would preserve evidence for trial, but would not serve to correct the harm alleged in the complaint. Thus, the Court could not issue a preliminary injunction to require photographs of the wounds even if some form of interim relief were otherwise justified.[6]

B.     Timely Delivery of Medical Supplies

Mr. Robinson also requests issuance of a preliminary injunction which would require timely delivery of medical supplies. Such relief is unwarranted.

A preliminary injunction is an extraordinary remedy[7] and would generally require proof of:

- a substantial likelihood that the plaintiff would prevail on the merits,

- irreparable harm in the absence of an injunction,

- greater harm to the plaintiff in the absence of an injunction than harm to the defendants with the injunction, and

---

[5]     Prison Litigation Reform Act, 18 U.S.C. § 3626(a)(2) (2000).

[6]     Even without a preliminary injunction, the Plaintiff could request photographs of the wounds through discovery. *See Neal v. Federal Bureau of Prisons*, 76 Fed. Appx. 543, 545-46 (5th Cir. Sept. 12, 2003) (unpublished op.) (upholding the denial of an inmate's request for a preliminary injunction involving preservation of a surveillance tape because the inmate could seek its "production through the regular discovery process" (citation omitted)).

[7]     *See Nova Health Systems v. Edmondson*, 460 F.3d 1295, 1298 (10th Cir. 2006).

3

●    the absence of an adverse impact on the public interest.[8]

In the present case, however, the desired order would alter the status quo and require affirmative conduct on the part of prison officials. As a result, the Plaintiff bears "a heightened burden" and the Court must closely scrutinize his request "to assure that the exigencies of the case support the granting of a remedy that is extraordinary."[9]

The Defendants insist that the medical treatment has been proper and the Plaintiff alleges otherwise in his verified complaint. But even if the Court were to credit the Plaintiff's account, injunctive relief would be unwarranted because of the absence of irreparable injury.[10]

An injury is irreparable only when money damages would provide an inadequate remedy,[11] and Mr. Robinson does not question the eventual availability of a monetary award

---

[8]    *See Nova Health Systems v. Edmondson*, 460 F.3d 1295, 1298 (10th Cir. 2006).

[9]    *O Centro Espirita Beneficiente Uniao do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) *(en banc), aff'd & remanded*, 546 U.S. 418 (2006).

[10]    *See Tri-State Generation and Transmission Association, Inc. v. Shoshone River Power, Inc.*, 805 F.2d 351, 355 (10th Cir. 1986) ("In federal courts, the moving party must show irreparable injury in order to obtain a preliminary injunction." (citations omitted)).

[11]    *See Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1156 (10th Cir. 2001) ("A plaintiff suffers irreparable injury when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain." (citation omitted)); *Kikumura v. Hurley*, 242 F.3d 950, 963 (10th Cir. 2001) ("A plaintiff suffers irreparable injury when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain." (citation omitted)); *Tri-State Generation and Transmission Association, Inc. v. Shoshone River Power, Inc.*, 805 F.2d 351, 355 (10th Cir. 1986) ("Injury is generally not irreparable if compensatory relief would be adequate." (citation omitted)).

4

if he can prove inadequate treatment of his skin disease.[12] The availability of a monetary remedy for the alleged harm prevents issuance of an order requiring timely delivery of medical supplies.[13]

## III. Summary of Recommended Holdings

The Court should deny the Plaintiff's motions for a temporary restraining order and preliminary injunction.

The request for a temporary restraining order became moot when the Plaintiff sought a preliminary injunction and provided notice to the Defendants.

A preliminary injunction is unjustified. The Court cannot order photographs of the wounds because such relief would extend beyond correction of the alleged harm. And the absence of irreparable injury is fatal to the request for an order ensuring timely delivery of medical supplies.

---

[12]     *See Hohe v. Casey*, 868 F.2d 69, 73 n.6 (3d Cir. 1989) ("We observe that the standard remedy for violation of 42 U.S.C. § 1983 is compensatory damages.").

[13]     *See* 13 J. Moore, *Moore's Federal Practice* § 65.22[4] at 65-55 (Matthew Bender 3d ed. 2006) ("a civil rights plaintiff will not be able to obtain a preliminary injunction if the alleged violation may be remedied by money damages, although irreparable injury may be presumed in cases involving deprivation of First Amendment rights" (footnotes omitted)).

IV.     Notice of Right to Object

The Plaintiff can object to this report and recommendation. To do so, he must file an objection with the Clerk of this Court by July 30, 2007.[14] The failure to timely object would foreclose appellate review of the suggested rulings.[15]

V.      Status of the Referral

The referral to the undersigned is not terminated.

Entered this 10th day of July, 2007.

Robert E. Bacharach
United States Magistrate Judge

---

[14]     *See* W.D. Okla. LCvR 72.1.

[15]     *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

6