IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-07-236-C |
| ) | |
| MARY BETH CARNEY, R.N., and ) | |
| NURSE WILLS, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This 42 U.S.C. § 1983 action brought by a prisoner proceeding pro se, was referred to United States Magistrate Judge Robert E. Bacharach, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Bacharach entered a Report and Recommendation ("R&R") on July 10, 2007, to which Plaintiff has timely objected. The Court therefore considers the matter de novo.

In the R&R, Judge Bacharach recommends denial of Plaintiff's Motion for a Preliminary Injunction. Judge Bacharach notes that Defendants dispute that Plaintiff is not getting appropriate treatment and that in any event Plaintiff has failed to demonstrate he will suffer irreparable harm in the absence of injunctive relief. Plaintiff objects, arguing the R&R ignored the fact that he is suffering from a disease which causes great pain and therefore he is in fact suffering irreparable injury.

Plaintiff's disagreement misapprehends the nature of irreparable injury. While the Court is not suggesting that Plaintiff is not suffering pain, that fact in itself is insufficient to establish irreparable harm. To the contrary, monetary damages are routinely awarded to compensate plaintiffs for pain and suffering. Thus, given the high standard that the Court must employ in considering Plaintiff's request,[*] the Court finds no error in Judge Bacharach's reasoning or recommendation.

Accordingly, the Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge, and, for the reasons announced therein, Plaintiff's request for preliminary injunctive relief is DENIED.

IT IS SO ORDERED this 26th day of July, 2007.

*/s/ Robin J. Cauthron*
ROBIN J. CAUTHRON
United States District Judge

---

[*] Because Plaintiff's request would alter what he argues to be the status quo, it is subject to stricter scrutiny. See Schrier v. University of Colorado, 427 F.3d 1253, 1259 (10th Cir. 2005).